UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVANTI EOS HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EOS PETRO, INC.<br>PLETHORA INDUSTRIES, INC.<br>BALLPARK ENTERPRISES, LLC and<br>NIKOLAS KONSTANT,<br><br>Defendants. | Case No. 19-cv-11943-DJC |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                       **May 31, 2021**

**I.      Introduction**

Plaintiff Avanti EOS Holdings, LLC ("Avanti") has filed this lawsuit against Defendants EOS Petro, Inc. ("Petro"), Plethora Industries, Inc. ("Plethora"), Ballpark Enterprises, LLC ("Ballpark") and Nikolas Konstant ("Konstant") (collectively, "Defendants") seeking recovery and enforcement of various agreements. D. 1. Ballpark has moved to dismiss the sole claim against it, a claim for breach of a limited guaranty and security agreement (the "Guaranty") (Count VII). D. 23. For the reasons stated below, the Court ALLOWS the motion.

**II.     Standard of Review**

      **A.      Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2)**

In ruling on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, a district court must apply the prima facie standard of review. United States

1

v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001). Under the prima facie standard, a plaintiff must "demonstrate the existence of every fact required to satisfy both the forum's long arm statute and the Due Process Clause of the Constitution," to meet their burden pursuant to Fed. R. Civ. P. 12(b)(2). Id. (citing United Elec. Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp., 987 F.2d 39, 44 (1st Cir. 1993)). The Court considers the facts alleged in the pleadings as well as the parties' supplemental filings. Sawtelle v. Farrell, 70 F.3d 1381, 1385 (1st Cir. 1995); Ticketmaster–N.Y., Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994). The Court will "take specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construe them in the light most congenial to the plaintiff's jurisdictional claim." Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998). The Court also "add[s] to the mix facts put forward by the defendants, to the extent that they are uncontradicted." Mass. Sch. of Law, 142 F.3d at 34.

### III. Factual Background

The following summary is based upon the allegations in the complaint and are assumed to be true for the purposes of resolving Ballpark's motion to dismiss. Avanti is a Massachusetts limited liability company with a principal place of business in Marlborough, Massachusetts. D. 1 at ¶ 1. Ballpark is a Texas limited liability company with its principal place of business in San Antonio, Texas. Id. at ¶ 4. On or about June 6, 2017, Petro executed and delivered an Amended and Restated Secured Promissory Note ("June 2017 Note") to Avanti, under which Petro agreed to pay $342,000 to Avanti in accordance with the terms thereof. Id. at ¶ 7. On or about August 10, 2016, Petro executed and delivered a secured promissory note to Avanti pursuant to which Petro agreed to pay $500,000 to Avanti in accordance with the terms thereof. Id. at ¶ 8. On or about February 6, 2017, Petro executed and delivered a secured promissory note to Avanti wherein

Petro agreed to pay $580,000 to Avanti in accordance with the terms contained therein.  Id. at ¶ 14.  On or about August 10, 2016, Ballpark executed and delivered a limited guaranty and security agreement ("the Guaranty") pursuant to which Ballpark agreed to guarantee the debt of Petro to Avanti.  Id. at ¶ 18; D. 1-5.  As security, Ballpark granted Avanti an interest real estate located in Texas, ("the Texas Property") the title to which was insured by Fidelity National Title Insurance in the sum of $500,000.  Id. at ¶¶ 10, 18; D. 1-5.  Petro has now defaulted on its Note(s) to Avanti and owes it $887,700 plus interest, costs and attorneys' fees.  Id. at ¶ 47.  Pursuant to the Guaranty, Avanti allege that Ballpark now owes the sum of Petro's debt and Avanti is seeking to foreclose on the Texas Property, the security for the Guaranty.  Id. at ¶ 48.

### IV.     Procedural History

Avanti instituted this action on September 13, 2019.  D. 1.  Ballpark has now moved to dismiss for lack of personal jurisdiction.  D. 23.  The Court heard the parties on the pending motion and took the matter under advisement.  D. 30.

### V.     Discussion

Ballpark argues that Avanti has failed to show that this Court has personal jurisdiction over Ballpark.  D. 23 at 1, D. 24 at 1.

#### A.     Personal Jurisdiction

"In determining whether a non-resident defendant is subject to its jurisdiction, a federal court exercising diversity jurisdiction is the functional equivalent of a state court sitting in the forum state."  Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 51 (1st Cir. 2002) (internal quotation marks omitted).  Accordingly, this Court may only exercise personal jurisdiction within the limits set by Massachusetts' long-arm statute and the due process clause of the Constitution.  Lyle Richards Int'l, Ltd. v. Ashworth, Inc., 132 F.3d 111, 112 (1st Cir.

1997). Here, "[b]ecause the [Massachusetts] long-arm statute imposes specific constraints on the exercise of personal jurisdiction that are not coextensive with the parameters of due process . . . a determination under the long-arm statute is to precede consideration of the constitutional question." SCVNGR, Inc. v. Punchh, Inc., 478 Mass. 324, 325 (2017).

If the statutory burden is met, constitutional due process requires that a non-resident defendant "ha[s] certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). This constitutional guarantee of due process "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (quoting Int'l Shoe Co., 326 U.S. at 319).

*1. Massachusetts Long-Arm Statute*

Avanti contends that its claim against Ballpark "arises out of or directly relates to its contacts with Massachusetts." D. 27 at 2. Ballpark jumps to the constitutional analysis in its memorandum, D. 24 at 4-5, but the Court must start with the application of the long-arm statute. The Massachusetts long-arm statute provides for the exercise of personal jurisdiction over an individual in a cause of action "arising from the person's . . . transacting any business in this commonwealth." Mass. Gen. L. c. 223A, § 3(a); see D. 11 at 5. "For jurisdiction to exist under § 3(a), the facts must satisfy two requirements—the defendant must have transacted business in Massachusetts, and the plaintiff's claim must have arisen from the transaction of business by the defendant." Exxon Mobil Corp. v. Attorney Gen., 479 Mass. 312, 317 (2018) (quoting Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994)). The "transacting business" clause "is construed

4

broadly, and courts look to whether the defendant attempted to participate in the Commonwealth's economic life." QLS Logistic Servs., LLC v. JAWS Assocs., LLC, No. 17-cv-11891-ADB, 2018 WL 5816342, at *3 (D. Mass. Nov. 6, 2018) (quoting Geis v. Nestle Waters N. Am., Inc., 321 F. Supp. 3d 230, 238 (D. Mass. 2018)). "The 'transacting business' test under section 3(a) is designed to identify deliberate, as distinguished from fortuitous, contacts with the forum by the nonresident party . . . with a view to determining whether 'the possible need to invoke the benefits and protections of the forum's laws was reasonably foreseeable." Roy v. FedEx Ground Package Sys., Inc., No. 17-cv-30116-KAR, 2018 WL 2324092, at *5 (D. Mass. May 22, 2018) (quoting Lyle Richards Int'l, Ltd., 132 F.3d at 112-13). Pursuant to the long-arm statute's "arising from" requirement, "a claim arises from a defendant's transaction of business in the forum State if the claim was made possible by, or lies in the wake of, the transaction of business in the forum State." Tatro, 416 Mass. at 771. Here, the Court does not reach that conclusion as to Ballpark. There is no allegation in the complaint, much less evidence proffered, that Ballpark transacted any business in Massachusetts. Ballpark has no presence in Massachusetts and even as to its dealings with Avanti, a company based in Massachusetts, neither Ballpark nor its employees took any action as to the Guaranty in Massachusetts.

Since there has been no showing that Ballpark transacted business here, Avanti has also not shown that its claim for breach of Guaranty against Ballpark arose from transacting business here. Even if Charles Webb, an officer of Ballpark, executed the Guaranty, which Ballpark disputes, D. 24 at 3; D. 15-2 (Webb Aff.) at 1, Avanti has not even alleged that such execution happened here or that Webb or other Ballpark officers or employees ever traveled to Massachusetts for the negotiation of same. For at least these reasons, Avanti has not satisfied long-arm statute as to Ballpark.

B.     **Specific Jurisdiction Analysis**

Although Avanti has not made the statutory showing for exercising personal jurisdiction over Ballpark, the Court turns to the constitutional analysis in the interest of completeness. "The First Circuit employs a tripartite analysis to determine whether specific jurisdiction is appropriate: 1) whether the claims arise out of or are related to the defendant's in-state activities, 2) whether the defendant has purposefully availed itself of the laws of the forum state and 3) whether the exercise of jurisdiction is reasonable under the circumstances." Pesmel N. Am., LLC v. Caraustar Indus., Inc., 754 F. Supp. 2d 168, 172 (D. Mass. 2010). Avanti bears the burden of proof on all three elements. See Rodriguez v. Samsung Electronics Co., Ltd., 827 F. Supp. 2s 47, 50 (D. Mass. 2011).[1]

   1.     *Relatedness*

The relatedness inquiry asks whether "the claim underlying the litigation . . . directly arise[s] out of, or relate[s] to, the defendant's forum-state activities." Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 9 (1st Cir. 2009). As Ballpark points out, D. 24 at 7, Avanti has failed to plead "any in-forum conduct by Ballpark at all, and certainly not with respect to Ballpark's alleged execution of the Guaranty." D. 24 at 7. To determine personal jurisdiction over a non-resident defendant "[i]n a contract case, we focus on the parties' prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealings." C.W. Downer & Co. v. Bioriginal Food & Science Corp., 771 F.3d 59, 66 (1st Cir. 2014) (internal quotation marks and citations omitted); Ganis Corp. of California v.

---

[1] There are two types of personal jurisdiction to consider in the constitutional analysis: general and specific. Cossaboon v. Me. Med. Ctr., 600 F.3d 25, 31 (1st Cir. 2010). Since Avanti did not oppose the motion to dismiss as to the lack of general jurisdiction and it has not alleged that Ballpark is at home in Massachusetts or has any continuous and systematic contacts to support general jurisdiction, D. 24 at 5, the Court limits its analysis to whether it has specific jurisdiction over Ballpark.

Jackson, 822 F.2d 194, 197-98 (1st Cir. 1987); see Swiss Am. Bank, Ltd., 274 F.3d at 621 (noting that "[a] contract, by itself cannot automatically establish minimum contacts") (citation omitted). None of these considerations reflect in-forum activities by Ballpark. There are no allegations that prior negotiations or actual course of dealings took place in Massachusetts. By its terms, Ballpark, a Texas corporation, guarantee the debt owed by Petro, a Nevada corporation based in California, D. 1 ¶ 2, to Avanti and provided the Texas Property as security. Nothing about these terms contemplates in-forum activities by Ballpark even considering that the Guaranty contained a Massachusetts choice of law (not a forum selection clause) provision. Moreover, Ballpark proffers uncontradicted evidence that it did not agree to guarantee the loan as the signature of Webb, its officer on the Guaranty, D. 1-4, was forged. D. 15-2 (Webb Aff.). Even accepting the allegation that Ballpark executed the Guaranty as true, Avanti has failed to show that its claim for breach of same arose out of or relates to Ballpark's in-forum activities. Avanti points to payments having been made to it in Massachusetts, presumably by Petro pursuant to its Note(s) to Avanti. It is not clear why such actions would be attributable to Ballpark for personal jurisdiction purposes. Even if they were, such conduct amounts to not much more than a reflection that Avanti is based in Massachusetts. For all these reasons, the relatedness prong for specific jurisdiction has not been satisfied as to Avanti's claim against Ballpark.

    2.    *Purposeful Availment*

The purposeful availment inquiry "focuses on the defendant's intentionality," and "is only satisfied when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts." Swiss Am. Bank, Ltd., 274 F.3d at 623-24 (citations omitted). The Court focuses "on whether a defendant has 'engaged in any purposeful activity related to the forum

7

that would make the exercise of jurisdiction fair, just or reasonable.'" Sawtelle, 70 F.3d at 1391 (quoting Rush v. Savchuk, 444 U.S. 320, 329 (1980)). "In contract cases, we have found the exercise of jurisdiction is reasonably foreseeable when the defendant deliberately direct[ed] its efforts toward the forum state . . . or when the defendant enter[ed] a contractual relation that envisioned continuing and wide-reaching contacts in the forum state." LP Solutions LLC v. Duchossois, 907 F.3d 95, 104 (1st Cir. 2018) (internal quotation marks and cites omitted).

Here, Avanti have not established that Ballpark has purposefully availed itself of Massachusetts. Ballpark had no offices in Massachusetts, did not have an officer or other representative travel to the state to execute the Guaranty, and, even as alleged by Avanti, executed a Guaranty for the debt of a Nevada company in California with a security interest in real estate in its home state of Texas. Although Ballpark points to Avanti's "signature block on the Guaranty stat[ing] that it is [a] Delaware LLC," D. 1-5 at 6, Avanti's address below the signature block reflects its principal place of business in Marlborough, Massachusetts. Id. At a minimum, however, this suggests even as Avanti is based in Massachusetts, the face of Guaranty, even with a Massachusetts choice of law provision, D. 1-5 at 4, does not reflect Ballpark deliberately directing its efforts to Massachusetts, particularly in the absence of any presence here or course of dealings with Avanti here. Accordingly, Avanti has not shown that Ballpark has purposefully availed itself of this forum.

   3.  *Reasonableness*

Even assuming *arguendo* that Avanti satisfied the relatedness and purposeful availment prongs, it has not shown the reasonableness of subjecting Ballpark to this Court's jurisdiction. The five "Gestalt factors" for determining the reasonableness of subjecting a nonresident to a foreign jurisdiction: (1) the defendants' burden of appearing, (2) the forum state's interest in adjudicating

the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.  See Burger King, 471 U.S. at 477; Ticketmaster, 26 F.3d at 209.

As to the first of the Gestalt factors, Ballpark's burden of appearing, the Court finds that the burden would not be significant.  Although the need to defend an action in a foreign jurisdiction (as it would be for Ballpark, a Texas corporation), "is almost always inconvenient and/or costly. . . this factor is only meaningful where a party can demonstrate some kind of special or unusual burden." Pritzker v. Yari, 42 F.3d 53, 64 (1st Cir.1994).  The second factor, concerning the forum state's interest in adjudicating the dispute, weighs against keeping the lawsuit against Ballpark in Massachusetts.  First, the Commonwealth's interest in this litigation *sub judice* "is arguably lessened by the doubts surrounding whether [Ballpark's] act can be said to have been committed in the forum." Ticketmaster, 26 F.3d at 211.  Even assuming that Ballpark executed the Guaranty, as discussed above, none of its actions or course of dealings regarding same with Avanti have occurred here. The Commonwealth's interest in adjudicating this dispute is substantially undercut by these circumstances.

The third Gestalt factor to consider is Avanti's interest in obtaining convenient and effective relief.  Certainly, "a plaintiff's choice of forum must be accorded a degree of deference with respect to the issue of its own convenience." Sawtelle, 70 F.3d at 1395.

The fourth Gestalt factor, concerning the judicial system's interest in obtaining the most effective resolution of the case, is generally considered "a wash," Hasbro, Inc. v. Clue Computing, Inc., 994 F. Supp. 34, 45-46 (D. Mass. 1997) (quoting Nowak v. Tak How Investments, Ltd., 94 F.3d 708, 719 (1st Cir. 1996)) and it is so here.

The final factor concerns the interests of affected states in promoting substantive social policies. Even if it could be arguably said that Massachusetts has some interest in the resolution of enforcing a resident business's agreement, such consideration in this case does not outweigh the balance of the other Gestalt factors or tip the balance in favor of finding that the exercise of personal jurisdiction, particularly where the breach of Guaranty claim and Ballpark's dealings with Avanti regarding same, even as alleged, has little connection to the forum. For these reasons, the exercise of personal jurisdiction over Ballpark is not reasonable here.

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS Ballpark's motion to dismiss, D. 23, and the sole count against Ballpark, Count VII, is DISMISSED without prejudice.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge